■ WILLIAM HARRINGTON, Appellant, v NEUROLOGICAL INSTITUTE OF COLUMBIA PRESBYTERIAN MEDICAL CENTER et al., Respondents. [679 NYS2d 17] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered July 16, 1997, which, *inter alia*, granted defendant Columbia Presbyterian Medical Center's cross motion for summary judgment dismissing the

complaint and the motion of Bennett M. Stein, M.D. to the extent of dismissing plaintiff's medical malpractice claims as against him, unanimously modified, on the law, to the extent of denying the cross motion of Columbia Presbyterian Medical Center and reinstating plaintiff's complaint as against it, and to the further extent of denying the motion of Dr. Stein and reinstating those medical malpractice claims against him relating to his care of plaintiff during the five-day period immediately following the embolization procedure, and otherwise affirmed, without costs.

Plaintiff in this medical malpractice action alleges that he suffered visual and directional impairment by reason of an improperly performed embolization procedure. The procedure was performed by nonparty Doctors Hilal and Sane at the facilities of defendant Columbia Presbyterian Medical Center. It is undisputed that defendant Dr. Stein, the referring neurosurgeon, did not participate in the embolization procedure.

We cannot agree with the motion court that the evidence submitted by defendant Columbia Presbyterian Medical Center in support of its cross motion for summary judgment sufficed to demonstrate the absence of triable issues. Specifically, while it may be true that the doctors who performed the embolization procedure upon plaintiff were not actual hospital employees, that circumstance alone is not dispositive of the hospital's liability (*see, Hill v St. Clare's Hosp.*, 67 NY2d 72, 79; *Delprete v Victory Mem. Hosp.*, 191 AD2d 673; *Cardoza v Lawrence Hosp.*, 216 AD2d 254). Even in the absence of an employment relationship between the doctors and the hospital, the hospital may still be vicariously liable for the doctors' malpractice if the doctors acted as agents of the hospital or if the hospital exercised control over them (*see, Hill v St. Clare's Hosp.*, *supra*, at 80; *Mduba v Benedictine Hosp.*, 52 AD2d 450, 452). Defendant Medical Center adduced no evidence to negate the possibility that the doctors who performed the procedure upon plaintiff were in fact its agents or that they acted under its control. There are also issues of fact as to whether vicarious liability may be imposed against the hospital on the basis of an "ostensible agency" or agency by estoppel theory (*Santiago v Archer*, 136 AD2d 690, 691; *Augeri v Massoff*, 134 AD2d 308; *Mduba v Benedictine Hosp.*, *supra*).

We agree, however, with the motion court that there is no evidence raising a triable issue sufficient to sustain the malpractice claims alleged against Dr. Stein relating to the embolization procedure itself. Although there are factual issues as to whether plaintiff was sufficiently advised by Dr.

Stein to make an informed judgment as to whether to undergo the embolization procedure, and as to whether Stein was negligent in the care of plaintiff after the procedure, Stein was not present at and did not participate during the procedure itself and, as a mere referring physician, he may not be held responsible for malpractice committed by the doctors who actually performed the procedure (see, *Graddy v New York Med. Coll.*, 19 AD2d 426; *Arshansky v Royal Concourse Co.*, 28 AD2d 986). A question of fact is raised as to management of the patient by Dr. Stein during the five days after the procedure. Concur—Lerner, P. J., Milonas, Wallach and Rubin, JJ.