■ PATTY TOBIAS et al., Plaintiffs, v JAMES MANGINELLI et al., Defendants and Third-Party Plaintiffs-Respondents. JAMES FORTUNATO et al., Third-Party Defendants-Appellants. [699 NYS2d 868] —In an action to recover damages for personal injuries, etc., the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated July 13, 1998, as denied their motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondents.

We agree with the Supreme Court that triable issues of fact exist precluding summary judgment in favor of the third-party defendants (*see, Hurley v Izzo,* 248 AD2d 674; *Reid v Courtesy Bus Co.,* 234 AD2d 531).

We have not considered the third-party defendants' contention that the action against them is barred by a 1996 amendment to Workers' Compensation Law § 11, which limits the right to seek contribution or indemnification from an injured person's employer to those cases in which the employee has suffered a "grave injury" (L 1996, ch 635, eff Sept. 10, 1996). The third-party defendants' claim that the injured plaintiff did not sustain a "grave injury" within the meaning of the statute was improperly raised for the first time in their reply papers, and the plaintiffs did not have an opportunity to submit evidence to oppose the newly-raised claim (*see, Matter of TIG Ins. Co. v Pellegrini,* 258 AD2d 658; *Hirsch v Syrota,* 253 AD2d 538, 539; *Calderone v Harrel,* 237 AD2d 318). Bracken, J. P., S. Miller, Krausman and H. Miller, JJ., concur.