■ GLADYS SANTIAGO, Respondent, v STEVEN Z. BRANDEIS, M.D., et al., Appellants, et al., Defendant. [766 NYS2d 25] —Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered October 4, 2002, which denied the motion of defendant New York Infirmary Beekman Downtown Hospital and the cross motion of Steven Z. Brandeis, M.D. for summary judgment, unanimously affirmed, without costs.

Although defendant hospital urges that it is entitled to summary judgment because one of the physicians against whom malpractice is alleged was not its employee, that circumstance is not dispositive where, as here, there is no indication that plaintiff requested to be treated by that physician and factual

issues are raised as to whether plaintiff reasonably believed that the physician in question had been provided by the hospital and was, in his care of her, acting as its agent (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 81 [1986]; *Shafran v St. Vincent's Hosp. & Med. Ctr.*, 264 AD2d 553, 558 [1999]; *Harrington v Neurological Inst. of Columbia Presbyt. Med. Ctr.*, 254 AD2d 129, 130 [1998]). We note, moreover, that the record does not exclude the possibility that the hospital may be found vicariously answerable for the conduct of the second physician against whom malpractice is alleged, defendant Dr. Brandeis. Nor is there merit to defendants' summary judgment motion and cross motion insofar as such motions are respectively predicated on the contention that no malpractice was committed by the movant. Inasmuch as the moving defendants have each submitted expert affidavits accusing the other, or the other's potential agent, of malpractice in the care and treatment of plaintiff, "a classic conflict between experts" is presented precluding a grant of summary judgment to either defendant (*see Peebles v New York City Hous. Auth.*, 295 AD2d 189, 191 [2002]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Rosenberger and Marlow, JJ.