■ In the Matter of HARLEYSVILLE INSURANCE COMPANY, Respondent, v FRANCISCO ROSARIO et al., Appellants. [792 NYS2d 912]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Kings County (Bayne, J.), dated May 4, 2004, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The Supreme Court granted the petition to permanently stay arbitration of an uninsured motorist claim on the ground that the appellants failed to demonstrate the existence of insurance coverage with the petitioner, Harleysville Insurance Company (hereinafter Harleysville). Harleysville first raised this claim concerning whether an agreement to arbitrate existed between the parties in its reply papers. "The function of reply papers is to address arguments made in opposition to the position taken

by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion" (*Matter of TIG Ins. Co. v Pellegrini*, 258 AD2d 658 [1999] [internal quotation marks omitted]; *see Dannasch v Bifulco*, 184 AD2d 415, 417 [1992]). Since the appellants did not have the opportunity to oppose the newly-raised claim in a surreply, it was improper for the court to grant the petition based upon that claim (*see Johnston v Continental Broker-Dealer Corp.*, 287 AD2d 546 [2001]; *Tobias v Manginelli*, 266 AD2d 532 [1999]). Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.