■ CRAIG BROWN, Respondent, v MARK G. SPEAKER, M.D., et al., Defendants, and TLC LASER EYE CENTER et al., Appellants. [824 NYS2d 1]—

Order, Supreme Court, New York County (Joan B. Carey, J.), entered April 18, 2006, which, to the extent appealed from as limited by the briefs, denied motions by defendants TLC Laser Eye Center and Tullo for summary judgment, unanimously affirmed, without costs.

The record demonstrates that Tullo did not merely refer plaintiff to another physician without any further involvement. To the contrary, he was extensively involved in the decision that plaintiff was a suitable candidate for the LASIK surgery and in the preparation leading to that surgery (*see Graddy v New York Med. Coll.*, 19 AD2d 426, 429 [1963]). His counsel's affirmation

to the contrary was insufficient to demonstrate an entitlement to judgment as a matter of law.

As to TLC's motion, even assuming the admissibility of the contract it submitted with its reply papers, indicating that defendant Speaker, who performed the LASIK surgery, was an independent contractor, it would be insufficient to demonstrate entitlement to summary judgment. In the absence of an employment relationship between Dr. Speaker and TLC, the latter may still be vicariously liable for malpractice if the doctor acted as an agent of the center or if the center exercised control over him (*Harrington v Neurological Inst. of Columbia Presbyt. Med. Ctr.*, 254 AD2d 129, 130 [1998]) or under the theory of ostensible agency (*see Welch v Scheinfeld*, 21 AD3d 802, 808-809 [2005]). Concur—Mazzarelli, J.P., Andrias, Sullivan, McGuire and Malone, JJ.