■ ORLANDO MENDEZ, Appellant, v JOHN WHITE et al., Defendants, and NEW YORK METHODIST HOSPITAL, Respondent. [837 NYS2d 233]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), entered February 27, 2006, as granted that branch of the motion of the defendant New York Methodist Hospital which was for summary judgment dismissing the cause of action predicated on a theory of vicarious liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant New York Methodist Hospital which was for summary judgment dismissing the cause of action predicated on a theory of vicarious liability is denied.

"Under the doctrine of respondeat superior, a hospital may be vicariously liable for the medical malpractice of physicians who act in an employment or agency capacity" (*Boone v North Shore Univ. Hosp. at Forest Hills*, 12 AD3d 338, 339 [2004]; *see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]). In support of its motion for summary judgment, the defendant New York Methodist Hospital (hereinafter the Hospital) tendered some evidence showing that the defendant Dr. John White was not its employee, but merely enjoyed hospital affiliations and surgical privileges as part of his membership in Bronster, Abrams and White, a pediatric surgical practice that had a referral relationship with the Hospital. The Hospital failed, however, to tender

competent evidence establishing that Dr. White did not act as its agent, or that the Hospital exercised no control over him (*see Brown v Speaker*, 33 AD3d 446 [2006]; *Finnin v St. Barnabas Hosp.*, 306 AD2d 189 [2003]; *Harrington v Neurological Inst. of Columbia Presbyt. Med. Ctr.*, 254 AD2d 129, 130 [1998]). Moreover, the Hospital's proof left unresolved material issues of fact as to whether the plaintiff's guardian reasonably believed that Dr. White had been provided by the Hospital and was ostensibly acting as its agent in providing care to the plaintiff (*see Hill v St. Clare's Hosp.*, supra at 80; *Monostori v Murphy*, 34 AD3d 882 [2006]; *Santiago v Brandeis*, 309 AD2d 621, 622 [2003]; *Finnin v St. Barnabas Hosp.*, supra). Therefore, the Hospital failed to establish its prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.