■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v IAN DAWKINS, Respondent. [861 NYS2d 391]—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Rios, J.), entered November 5, 2007, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The respondent Ian Dawkins allegedly was injured in an accident involving three motor vehicles. After the tortfeasor's insurer AIG Indemnity Company (hereinafter AIG) offered to settle with three victims of the accident (including Dawkins) for the full amount of the tortfeasor's policy, Dawkins demanded arbitration of a claim for underinsured motorist benefits from his own insurer, the petitioner Allstate Insurance Company (hereinafter Allstate). Allstate commenced this proceeding, for a permanent stay of such arbitration, asserting that the tortfeasor's vehicle was not "underinsured" because the limits for bodily injury under the AIG policy were the same as those in the Allstate policy. In opposition, Dawkins argued that he was entitled to benefits pursuant to 11 NYCRR 60-2.3 (f) (I) (c) (3) (ii) because the coverage available under the AIG policy had been reduced by payments made to other persons injured in the accident to an amount less than the bodily injury liability limit of his policy with Allstate. The Supreme Court denied Allstate's petition for a permanent stay of arbitration. We affirm.

Contrary to Allstate's contention on appeal, the Supreme Court properly declined to address its argument, made for the

first time in its reply papers, that there was an issue of fact as to whether AIG made any payments on its policy. The function of reply papers is to address arguments made in opposition to the position taken by the movant, not to permit the movant to introduce new arguments or new grounds for the requested relief (*see Matter of Harleysville Ins. Co. v Rosario,* 17 AD3d 677 [2005]; *Matter of TIG Ins. Co. v Pellegrini,* 258 AD2d 658 [1999]). Further, Dawkins was not afforded an opportunity to address the new argument (*see Matter of Harleysville Ins. Co. v Rosario,* 17 AD3d 677 [2005]; *Matter of TIG Ins. Co. v Pellegrini,* 258 AD2d 658 [1999]). Finally, we decline Allstate's invitation, made for the first time on appeal, to reconsider our case law in this area and hold that the Superintendent of Insurance exceeded his authority in promulgating 11 NYCRR 60-2.3 (f) (I) (c) (3) (ii) (*cf. Raffellini v State Farm Mut. Auto. Ins. Co.,* 9 NY3d 196 [2007]). Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur. [*See* 17 Misc 3d 1117(A), 2007 NY Slip Op 52047(U).]