— In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an under-insured motorist claim, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Martin, J.), dated September 11, 2007, as amended April 4, 2008, which granted the respondents leave to reargue the petition, which had been granted by a prior order of the same court dated December 22, 2006, and, upon reargument, denied the petition, and (2) an order of the same court dated April 4, 2008, which amended the order dated September 11, 2007.
Ordered that order dated September 11, 2007, as amended April 4, 2008, is affirmed; and it is further,
Ordered that the appeal from the order dated April 4, 2008 is dismissed as academic; and it is further,
Ordered that one bill of costs is awarded to the respondents.
We decline the invitation of the petitioner Allstate Insurance Company “made for the first time on appeal, to reconsider our case law . . . and hold that the Superintendent of Insurance exceeded his authority in promulgating 11 NYCRR 60-2.3 (f) (I) (c) (3) (ii)” because that regulation expanded upon the definition of an underinsured motorist as set forth in Insurance Law § 3420 (f) (2) (A) (Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826 [2008]; see Raffellini v State Farm Mut. Auto. Ins. Co., 9 NY3d 196 [2007]).
The petitioner’s remaining contention is without merit. Lifson, J.E, Santucci, Balkin and Belen, JJ., concur.