■ KENDRICK YOUNG, Respondent, v KIMBERLY HELLER et al., Defendants, and VASSAR BROTHERS MEDICAL CENTER, Appellant. [24 NYS3d 90]—

In an action to recover damages for medical malpractice, the defendant Vassar Brothers Medical Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated June 20, 2014, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Vassar Brothers Medical Center which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the actions of a certain ultrasound technician, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On June 1, 2010, Vashti Daisley, who was 38 weeks pregnant, went to the emergency room at the defendant Vassar Brothers Medical Center (hereinafter VBMC) because she was experiencing decreased fetal movement and had been instructed by her treating physician to go to the nearest hospital. There, Daisley was treated by the defendants Dr. Kimberly Heller and Dr. Donna Kasello, both of whom were employed by Health Quest Medical Group. Additionally, an ultrasound technician employed by VBMC performed a "biophysical profile" on Daisley. Daisley was released that same day, and the following day, she gave birth to the infant plaintiff at Westchester Medical Center.

Thereafter, the infant plaintiff, by his mother and natural guardian, Daisley, commenced this medical malpractice action against Dr. Heller, Dr. Kasello, and VBMC. The infant plaintiff alleged that Dr. Heller and Dr. Kasello negligently discharged Daisley on June 1, 2010, resulting in Daisley undergoing a delayed Cesarean section, causing the infant plaintiff's injuries.

The infant plaintiff also alleged that VBMC was vicariously liable for the actions of the ultrasound technician who performed the "biophysical profile" on Daisley.

The Supreme Court properly denied that branch of VBMC's motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the actions of Dr. Heller and Dr. Kasello. While VBMC established its prima facie entitlement to judgment as a matter of law (*see Loaiza v Lam*, 107 AD3d 951 [2013]; *Belak-Redl v Bollengier*, 74 AD3d 1110 [2010]), in opposition, the infant plaintiff raised triable issues of fact as to whether liability may be imputed to VBMC under a theory of apparent or ostensible agency (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Loaiza v Lam*, 107 AD3d at 952; *cf. Orgovan v Bloom*, 7 AD3d 770 [2004]).

However, the Supreme Court should have granted that branch of VBMC's motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the actions of the ultrasound technician who performed the "biophysical profile" on Daisley. VBMC made a prima facie showing that the ultrasound technician's actions or inactions did not proximately cause the infant plaintiff's injuries, and the expert affidavit submitted in opposition was insufficient to raise a triable issue of fact (*see Bey v Neuman*, 100 AD3d 581 [2012]). Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.