■ SEAN DILLER, an Infant, by His Mother and Natural Guardian, JENNIFER TRELLES, Respondent, v ANDREI MUNZER, M.D., et al., Defendants, and ST. LUKE'S CORNWALL HOSPITAL, Appellant. [34 NYS3d 608]—

In an action, inter alia, to recover damages for medical malpractice, the defendant St. Luke's Cornwall Hospital appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Orange County (Slobod, J.), dated February 15, 2013, as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it, and (2) so much of an order of the same court dated January 28, 2014, as, upon renewal, adhered to the determination in the order dated February 15, 2013, denying that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it.

Ordered that the appeal from the order dated February 15, 2013, is dismissed, as that order was superseded by the order dated January 28, 2014, made upon renewal; and it is further,

Ordered that the order dated January 28, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The infant plaintiff, by his mother and natural guardian, commenced this action against, among others, the defendant St. Luke's Cornwall Hospital (hereinafter the hospital) to recover damages for, inter alia, medical malpractice. The hospital subsequently moved for, inter alia, summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it. In an order dated February 15, 2013, the Supreme Court denied that branch of the hospital's motion. The Supreme Court concluded, in relevant part, that although the hospital had made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that none of its employees was negligent, the plaintiff, in opposition, raised triable issues of fact as to whether the hospital could be held liable, on a theory of apparent or ostensible agency by estoppel, for the alleged medical malpractice of two neonatologists, who are not employees of the hospital. In the order dated February 15, 2013, the Supreme Court also granted the plaintiff leave to serve an amended bill of particulars alleging that the hospital could be held liable on this theory with respect to the two neonatologists. After service of the amended bill of particulars, the hospital moved for leave to renew its motion for summary judgment. In an order dated January 28, 2014, the Supreme Court granted leave to renew and, upon renewal, adhered to its prior determination, concluding that the additional evidence submitted on renewal had not resolved the outstanding issues of fact identified in its prior order.

"In general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee" (*Toth v Bloshinsky*, 39 AD3d 848, 850 [2007]; *see Muslim v Horizon Med. Group, P.C.*, 118 AD3d 681, 683 [2014]; *Corletta v Fischer*, 101 AD3d 929, 930 [2012]). "However, vicarious liability for the medical malpractice of an independent, private attending physician may be imposed under a theory of apparent or ostensible agency by estoppel" (*Dragotta v Southampton Hosp.*, 39 AD3d 697, 698 [2007]; *see Hill v St. Clare's Hosp.*, 67 NY2d 72, 80-81 [1986]; *Hannon v Siegel-Cooper Co.*, 167 NY 244, 246 [1901]; *see also* Restatement [Second] of Torts § 429; Restatement [Second] of Agency § 267).

Here, upon renewal, the Supreme Court properly concluded that the hospital's additional evidentiary submissions were insufficient to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it

(*see Malcolm v Mount Vernon Hosp.*, 309 AD2d 704, 706 [2003]; *Abraham v Dulit*, 255 AD2d 345 [1998]; *cf. Muslim v Horizon Med. Group, P.C.*, 118 AD3d at 683; *Rizzo v Staten Is. Univ. Hosp.*, 29 AD3d 668, 668-669 [2006]). Accordingly, the Supreme Court, upon renewal, properly adhered to its original determination in the order dated February 15, 2013, denying that branch of the hospital's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.