Castro v Durban (2018 NY Slip Op 03503)





Castro v Durban


2018 NY Slip Op 03503


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-10992
2016-00256
 (Index No. 7087/13)

[*1]Diane Castro, et al., appellants, 
v
Lawrence Durban, et al., defendants, Eileen Stenton, et al., respondents.


Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman, Howard S. Hershenhorn, and D. Allen Zachary of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondents.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered September 17, 2015, and (2) a judgment of the same court entered October 19, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendants Eileen Stenton, George Economou, Rebecca Tfelt, Karen Brooks, Cindy Sukhoo, Lauren Nehrebecki, Jennifer Gomez, Amy Bryson, Nicola Crosswell, Kathleen McGarry, Teresita Fabic-Lampa, Young Joo Lee, Irene Moser, and St. Francis Hospital, Roslyn, New York, also known as St. Francis Hospital, which was for summary judgment dismissing so much of the complaint as alleged that the defendant St. Francis Hospital, Roslyn, New York, also known as St. Francis Hospital, was vicariously liable for the alleged medical malpractice of the defendant Melissa Devlin. The judgment, insofar as appealed from, upon the order, is in favor of the defendant St. Francis Hospital, Roslyn, New York, also known as St. Francis Hospital, and against the plaintiffs dismissing so much of the complaint as alleged that that defendant was vicariously liable for the alleged medical malpractice of the defendant Melissa Devlin.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, that branch of the motion of the defendants Eileen Stenton, George Economou, Rebecca Tfelt, Karen Brooks, Cindy Sukhoo, Lauren Nehrebecki, Jennifer Gomez, Amy Bryson, Nicola Crosswell, Kathleen McGarry, Teresita Fabic-Lampa, Young Joo Lee, Irene Moser, and St. Francis Hospital, Roslyn, New York, also known as St. Francis Hospital, which was for summary judgment dismissing so much of the complaint as alleged that the defendant St. Francis Hospital, Roslyn, New York, also known as St. Francis Hospital, was vicariously liable for the alleged medical malpractice of the defendant Melissa Devlin is denied, so much of the complaint as alleged that the defendant St. Francis Hospital, Roslyn, New York, also known as St. Francis Hospital, was vicariously liable for the alleged medical malpractice of the defendant Melissa Devlin is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff Diane Castro was treated at the defendant St. Francis Hospital, Roslyn, New York, also known as St. Francis Hospital (hereinafter the Hospital), for a cyst located near her esophagus. After undergoing surgery to remove the cyst, Castro developed compartment syndrome in her left thigh. Castro, and her husband suing derivatively, commenced this action against the Hospital and numerous healthcare professionals, alleging, inter alia, medical malpractice in relation to her surgery and treatment. The Hospital and the defendants Eileen Stenton, George Economou, Rebecca Tfelt, Karen Brooks, Cindy Sukhoo, Lauren Nehrebecki, Jennifer Gomez, Amy Bryson, Nicola Crosswell, Kathleen McGarry, Teresita Fabic-Lampa, Young Joo Lee, and Irene Moser (hereinafter collectively the defendants) moved, inter alia, for summary judgment dismissing so much of the complaint as alleged that the Hospital was vicariously liable for the alleged medical malpractice of the defendant Melissa Devlin. The Supreme Court granted that branch of the motion on the ground that, in their bill of particulars, the plaintiffs did not identify Devlin as a physician for whom the Hospital could be held vicariously liable. A judgment in favor of the Hospital and against the plaintiff, inter alia, dismissing so much of the complaint as alleged that the Hospital was vicariously liable for the alleged malpractice of Devlin was entered. The plaintiffs appeal.
We disagree with the Supreme Court's determination in granting that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that the Hospital was vicariously liable for the alleged medical malpractice of Devlin on the ground that that theory of liability was not alleged in the plaintiffs' bill of particulars. That argument was first raised in the papers filed in reply to the plaintiffs' opposition to the motion for summary judgment. The function of reply papers is to address arguments made in opposition to the position taken by the movant, not to introduce new arguments or new grounds for the requested relief (see Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826). Since the plaintiffs did not have the opportunity to oppose the new argument in a surreply, the court should not have granted relief based upon that argument (see Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677).
On the merits, the general rule is that a hospital may not be held vicariously liable for the acts of a physician who is not an employee of the hospital, but is one of a group of independent contractors (see Hill v St. Clare's Hosp., 67 NY2d 72, 79; Keesler v Small, 140 AD3d 1021, 1022). However, a hospital may be vicariously liable if a nonemployee physician acted as its agent or if it exercised control over the physician (see Schacherbauer v University Assoc. in Obstetrics & Gynecology, P.C., 56 AD3d 751, 752; Mendez v White, 40 AD3d 1057, 1058). Here, Devlin was an intensivist employed by the defendant Nassau Chest Physicians, P.C. (hereinafter Nassau Chest Physicians), who cared for Castro in the Hospital's intensive care unit after surgery was performed. She was the sole intensivist on duty for all four of the Hospital's intensive care units during her shift. Devlin only worked at the Hospital; she did not work for Nassau Chest Physicians at any other site. The Hospital claimed that she was not under its control and not its agent. However, the Hospital's relationship with Nassau Chest Physicians and Devlin's relationship with Nassau Chest Physicians were governed by written agreements, and those written agreements were not submitted in support of the motion. Since the defendants failed to submit this or other evidence establishing, prima facie, that Devlin was not under the Hospital's control and not its agent when she rendered care to Castro, they failed to demonstrate their prima facie entitlement to judgment as a matter of law (see Schacherbauer v University Assoc. in Obstetrics & Gynecology, P.C., 56 AD3d at 752; Mendez v White, 40 AD3d at 1058; Gunther v Staten Is. Hosp., 226 AD2d 427).
Accordingly, that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that the Hospital was vicariously liable for the alleged medical malpractice of Devlin should have been denied.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court