Lin v Yi Xie (2019 NY Slip Op 08943)





Lin v Yi Xie


2019 NY Slip Op 08943


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


805473/16 10561A 10561

[*1] Duanyu Lin, et al., Plaintiffs-Appellants,
v
Yi Xie, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Marulli, Lindenbaum & Tomaszewski, LLP, New York (John J. Tomaszewski of counsel), for Yi Xie and Xie Yi Medical Office, P.C., respondents.
Harris Beach PLLC, New York (Svetlana K. Ivy of counsel), for Michael Liou, Jennifer A. Chen and Chinatown Cardiology P.C., respondents.



Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 8, 2019, which granted the motions of defendants Yi Xie and Xie Yi Medical Office, P.C. (neurology defendants), and defendants Michael Liou, Jennifer A. Chen, and Chinatown Cardiology P.C. (cardiology defendants), for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions denied.
Plaintiff Duanyu Lin (the patient) suffered a stroke of unknown origin while abroad. Upon returning to New York, she was referred by her primary care physician to defendant Dr. Xie, a neurologist, who performed imaging studies to confirm that she had suffered a stroke, and then referred her to the cardiology defendants on an urgent basis to rule out a cardiac origin. Two weeks after her first appointment with the cardiology defendants, the patient suffered a severe recurrent stroke, underwent a trans-esophageal echocardiogram (TEE) at the hospital that revealed a likely thrombus on the left atrial wall of her heart as the cause, and was placed on anticoagulation therapy. The TEE also revealed a likely patent foramen ovale.
Plaintiffs allege that defendants were negligent for scheduling a TEE, the definitive diagnostic tool to detect the presence of atrial clots, more than two weeks after the patient's initial stroke was confirmed and she was referred to the cardiology defendants. Plaintiffs allege that defendants should have scheduled the TEE to take place within 48 hours, or, alternatively, placed the patient on anticoagulants as a prophylactic measure.
The expert affidavit submitted by plaintiff raises an issue of fact whether the neurology defendants retained a duty to ensure that the patient received a timely TEE insofar as Dr. Xie referred her to the cardiology defendants as part of his overall neurological assessment, and he continued to manage her condition throughout. Under these circumstances, questions exist whether defendants were engaged in "joint action in diagnosis or treatment" so as to make it appropriate to impose liability on one for the negligence of the other (Graddy v New York Med. Coll., 19 AD2d 426, 429 [1st Dept 1963]; see Brown v Speaker, 33 AD3d 446 [1st Dept 2006]).
Defendants established prima facie that they did not depart from good and accepted medical practice. Defendants submitted, inter alia, the patient's medical records, deposition testimony, and the affirmations of medical experts, demonstrating that they did not deviate from good and accepted medical practice in their diagnosis and treatment of the patient by ordering or performing all of the appropriate tests in a timely manner based on her clinical picture (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]).
In opposition, plaintiffs raised a triable issue of fact through their expert affirmations. The opinions of plaintiffs' experts conflict with the opinions of defendants' experts as to the [*2]appropriate time frame in which defendants should have performed the TEE given the high risk of recurrent stroke and Dr. Xie's testimony that he suspected a cardiac embolism was the cause of the patient's initial stroke. Defendants do not dispute that had the TEE been performed earlier, her doctors would have become aware of her likely thrombus and patent foramen ovale, both linked with cardioembolic strokes, and the patient would have been started on anticoagulation therapy, which would have
likely prevented her recurrent stroke (see Cruz v St. Barnabas Hosp., 50 AD3d 382 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK