Fuessel v Chin (2020 NY Slip Op 00404)





Fuessel v Chin


2020 NY Slip Op 00404


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-00840
 (Index No. 43800/10)

[*1]William Fuessel, respondent,
v
Jerry Chin, etc., et al., defendants, Good Samaritan Hospital Medical Center, appellant.


Bower Law P.C., Uniondale, NY (Erin L. Deacy-Stalzer and Bruce E. Wingate of counsel), for appellant.
Levine & Grossman, Mineola, NY (Brian C. Lockhart of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Good Samaritan Hospital Medical Center appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated December 5, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to reargue his opposition to that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, which had been granted in an order of the same court dated May 12, 2016, and, upon reargument, in effect, vacated that portion of the order dated May 12, 2016, and thereupon denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated December 5, 2016, is modified, on the law, by deleting the provision thereof, upon reargument, in effect, vacating the determination in the order dated May 12, 2016, granting those branches of the motion of the defendant Good Samaritan Hospital Medical Center which were for summary judgment dismissing the causes of action asserted against that defendant other than the cause of action alleging vicarious liability for the allegedly negligent acts of the defendant Jerry Chin, and thereupon denying those branches of the motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated May 12, 2016, granting those branches of the motion; as so modified, the order dated December 5, 2016, is affirmed insofar as appealed from, with costs to the plaintiff.
On April 6, 2009, the plaintiff went to the emergency department of the defendant Good Samaritan Hospital Medical Center (hereinafter Good Samaritan), complaining of chest pains and shortness of breath. He was subsequently admitted to Good Samaritan's telemetry unit, where he was treated by the defendant Jerry Chin, a volunteer attending physician who was board certified in family medicine and employed by the defendant Jerry Chin, D.O., P.C. (hereinafter together the Chin defendants). On April 8, 2009, a nonparty cardiologist, who was not employed by Good Samaritan, performed a cardiac catheterization on the plaintiff by inserting a tube into the plaintiff's right femoral artery. The plaintiff was discharged from Good Samaritan on April 11, 2009. On April 27, 2009, the plaintiff went to nonparty Southside Hospital's emergency department, [*2]complaining of bleeding from his right groin near the cardiac catheterization site. He was transferred to nonparty North Shore-Long Island Jewish Health System North Shore University Hospital, where he was diagnosed with necrotizing fasciitis in the right groin and thigh, and had surgery to remove the necrotic tissue. The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, alleging that the defendants failed to timely diagnose and treat a hematoma in his right groin, allowing it to develop into necrotizing fasciitis.
In February 2015, Good Samaritan moved for summary judgment dismissing the complaint insofar as asserted against it. The Chin defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them. In May 2015, the plaintiff opposed both motions, submitting, inter alia, an expert affidavit with the name of the expert redacted. The plaintiff contended that his expert's affidavit raised triable issues of fact as to Chin's alleged negligence and that Good Samaritan was vicariously liable for Chin's negligent acts or omissions.
By order dated May 12, 2016, the Supreme Court granted the separate motions of Good Samaritan and the Chin defendants. The court determined inter alia, that the plaintiff failed to raise a triable issue of fact as to whether the defendants breached a duty of care owed to him because he did not submit an unredacted expert affidavit to the court for an in camera inspection.
By notice of motion dated June 29, 2016, the plaintiff moved, inter alia, for leave to reargue his opposition to the defendants' motions for summary judgment. In support of the motion, the plaintiff's attorney affirmed that his office had sent the Supreme Court a copy of the unredacted expert affidavit in May 2015, and attached a copy of the unredacted expert affidavit.
By order dated December 5, 2016, the Supreme Court granted that branch of the plaintiff's motion which was for leave to reargue and, upon reargument, in effect, vacated its order dated May 12, 2016, and thereupon denied the motions of Good Samaritan and the Chin defendants for summary judgment dismissing the complaint insofar as asserted against each of them. Good Samaritan appeals.
" Motions for reargument are addressed to the sound discretion of the court which decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision'" (Bueno v Allam, 170 AD3d 939, 940, quoting Ito v 324 E. 9th St. Corp., 49 AD3d 816, 817; see CPLR 2221[d][2]). Here, the Supreme Court providently exercised its discretion in granting the plaintiff leave to reargue, as it overlooked the unredacted expert affidavit that was mailed to the court in May 2015 (see Bueno v Allam, 170 AD3d at 940-941).
We agree with the Supreme Court's determination, upon reargument, denying that branch of Good Samaritan's motion which was for summary judgment dismissing the cause of action asserted against it alleging that it was vicariously liable for Chin's alleged negligent acts or omissions (see Diller v Munzer, 141 AD3d 628, 629; Keitel v Kurtz, 54 AD3d 387, 390-391; Malcolm v Mount Vernon Hosp., 309 AD2d 704, 706; Abraham v Dulit, 255 AD2d 345, 345). "In general, under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of employment, but not for negligent treatment provided by an independent physician, as when the physician is retained by the patient himself" (Seiden v Sonstein, 127 AD3d 1158, 1160; see Hill v St. Clare's Hosp., 67 NY2d 72, 79; Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1213). However, "[a]n exception to this general rule exists where a plaintiff seeks to hold a hospital vicariously liable for the alleged malpractice of an attending physician who is not its employee where a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing" (Muslim v Horizon Med. Group, P.C., 118 AD3d 681, 683 [internal quotation marks omitted]; see Gardner v Brookdale Hosp. Med. Ctr., 73 AD3d 1124, 1124; Orgovan v Bloom, 7 AD3d 770, 771; Mduba v Benedictine Hosp., 52 AD2d 450, 453). "Thus, in order to establish its entitlement to judgment as a matter of law defeating a claim of vicarious liability, a hospital must demonstrate that the physician alleged to have committed the malpractice was an independent [*3]contractor and not a hospital employee and that the exception to the general rule did not apply" (Muslim v Horizon Med. Group, P.C., 118 AD3d at 683 citation and [internal quotation marks omitted]).
Here, although Good Samaritan established that Chin was not its employee, the evidence submitted in support of its motion for summary judgment was insufficient to demonstrate, prima facie, that the plaintiff entered Good Samaritan's emergency room seeking treatment from a privately selected physician rather than from the hospital itself (see Malcolm v Mount Vernon Hosp., 309 AD2d at 706; Abraham v Dulit, 255 AD2d at 345). Good Samaritan's medical records failed to eliminate triable issues of fact as to whether the plaintiff arrived at its emergency department at the direction of his private physician (see Diller v Munzer, 141 AD3d at 629; Loaiza v Lam, 107 AD3d 951, 953; Malcolm v Mount Vernon Hosp., 309 AD2d at 706; Abraham v Dulit, 255 AD2d at 345). Further, Good Samaritan failed to submit any written agreements or other evidence establishing, prima facie, that Chin was not under its control and was not its agent when he rendered care to the plaintiff while the plaintiff was admitted at Good Samaritan (see Castro v Durban, 161 AD3d 939, 942; Schacherbauer v Univ. Assoc. in Obstetrics & Gynecology, P.C., 56 AD3d 751, 752; Mendez v White, 40 AD3d 1057, 1057-1058; Gunther v Staten Is. Hosp., 226 AD2d 427, 428). Accordingly, as the Supreme Court found, triable issues of fact exist as to whether Good Samaritan may be held vicariously liable for Chin's alleged negligent acts or omissions.
We agree with Good Samaritan that the remainder of the complaint insofar as asserted against it should be dismissed, and we note that, on appeal, the plaintiff states in his respondent's brief that he was only asserting a vicarious liability cause of action against Good Samaritan for Chin's allegedly negligent acts.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court