Ellis v Mollette (2024 NY Slip Op 02039)

Ellis v Mollette

2024 NY Slip Op 02039

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2021-02749
 (Index No. 502484/18)

[*1]Johnnie Ellis, respondent, 
v
Arabia Divine Mollette, etc., et al., defendants, Alexander Tsukerman, etc., et al., appellants.

Garson & Jakub LLP, New York, NY (Michael J. Morris, Mary J. Joseph, and Andrew Harrison of counsel), for appellant Alexander Tsukerman.
Arshack, Hajek & Lehrman, PLLC, New York, NY (Lynn Hajek of counsel), for appellant Wyckoff Heights Medical Center.
Sanocki Newman & Turret, LLP, New York, NY (Joshua Fogel and Carl B. Tegtmeier of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Alexander Tsukerman and Wyckoff Heights Medical Center separately appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated March 22, 2021. The order, insofar as appealed from by the defendant Alexander Tsukerman, denied that branch of the motion of the defendants Alexander Tsukerman, Kinjal Panchal, and Wyckoff Emergency Medicine Services, P.C., which was for summary judgment dismissing the complaint insofar as asserted against the defendant Alexander Tsukerman. The order, insofar as appealed from by the defendant Wyckoff Heights Medical Center, denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action to recover damages for medical malpractice, alleging, inter alia, that the defendants were negligent in failing to timely and properly diagnose and treat his brain abscesses during two emergency department visits, which resulted in the need for a bifrontal craniectomy.
In support of that branch of the motion of the defendants Alexander Tsukerman, Kinjal Panchal, and Wyckoff Emergency Medicine Services, P.C. (hereinafter collectively the Tsukerman defendants), which was for summary judgment dismissing the complaint insofar as asserted against Tsukerman, the Tsukerman defendants did not establish, prima facie, that there was no physician-patient relationship between Tsukerman and the plaintiff (see Sheppard-Mobley v King, 8 AD3d 358; Wienk-Evans v North Shore Univ. Hosp. at Glen Cove, 269 AD2d 443). The plaintiff alleged that Tsukerman's medical malpractice arose from his supervision of the medical care provided to the plaintiff by Panchal, a physician's assistant, at the emergency department of the defendant Wyckoff Heights Medical Center (hereinafter WHMC) when the plaintiff visited WHMC's emergency room on January 20, 2017. A physician-patient relationship may be created, [*2]and a physician may be held liable for medical malpractice, where a physician is responsible for supervising a health-care professional such as a physician's assistant, and the physician inadequately supervises the health-care professional, thus causing or contributing to the inadequacy or impropriety of the care rendered by that health-care professional (see Education Law § 6542[1], [4]; 10 NYCRR 94.2[a], [f]; Shajan v South Nassau Communities Hosp., 99 AD3d 786, 786-787). Contrary to Tsukerman's contentions, the Tsukerman defendants failed to make a prima facie showing that he was not directly responsible for supervising Panchal (see Shajan v South Nassau Communities Hosp., 99 AD3d at 786-787).
In support of WHMC's motion for summary judgment dismissing the complaint insofar as asserted against it, WHMC failed to demonstrate, prima facie, that Tsukerman was a private, independent physician for whose negligent acts WHMC cannot be held liable under the doctrine of respondeat superior (see Vargas v Lee, 207 AD3d 684, 686; Fuessel v Chin, 179 AD3d 899, 901).
WHMC's remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the Tsukerman defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Tsukerman and WHMC's motion for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., IANNACCI, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court