Hernandez v Buena Vida Corp. (2024 NY Slip Op 50521(U))

[*1]

Hernandez v Buena Vida Corp.

2024 NY Slip Op 50521(U)

Decided on May 1, 2024

Supreme Court, Kings County

Mallafre Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 1, 2024
Supreme Court, Kings County

Miriam Hernandez, as attorney-in-fact for 
 CONCEPCION NUNEZ, Plaintiff,

against
Buena Vida Corp., CHEOL WOONG LEE, N.P., FARAH GRIZZLE, L.P.N., MARIE DECIUS, R.N., 
 BROOKLYN HOSPITAL CENTER and JOSEPH FETTO, M.D., Defendants.

Index No. 507768/2019

Plaintiff
Michael B. Ronemus, Esq. (mike.ronemus@ronvil.com)
Ronemus & Vilensky LLP
112 Madison Ave, 2nd Fl
New York, NY 10016
212-779-7070
Defendants Buena Vida Corp., Farah Grizzle, R.N., and Marie Decius, R.N.
Timmery P. Davis, Esq. (timmery.davis@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street, 22nd Floor
New York, NY 10017
212-490-3000
Defendant Cheol Woong Lee, N.P.
Vincent L. Gallo, Esq. (vgallo@hpmb.com)
Heidell, Pittoni, Murphy & Bach, LLP
99 Park Avenue
New York, NY 10016
212-286-8585
Defendant Brooklyn Hospital Center
Dominique Fequiere, Esq. (dfequiere@kbrlaw.com)
Kaufman Borgeest & Ryan LLP
1205 Franklin Avenue, Suite 200
Garden City, NY 11530
516-693-7003 Defendant Joseph Fetto, M.D.
Shari D. Steinfeld, Esq. (ssteinfeld@amabile-erman.com)
Amabile & Erman, P.C.
1000 South Avenue
Staten Island, NY 10314-3607
718-370-7030

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:
NYSCEF #s: 155-158, 160-168
Defendant Brooklyn Hospital Center moves (Seq. No. 6) for an Order, pursuant to CPLR 2221 (d), granting leave to reargue the movant's prior motion (Seq. No. 4) and upon reargument, dismissing all claims of vicarious liability against the movant and amending the caption to remove Brooklyn Hospital Center.
Defendant Joseph Fetto, M.D. ("Dr. Fetto") cross moves (Seq. No. 7) for an Order, pursuant to CPLR 2221 (d), granting leave to reargue the same prior motion, and upon reargument, dismissing all claims against Dr. Fetto and amending the caption to remove Dr. Fetto.
Both motions to reargue are opposed by co-defendants Buena Vida Corp., Farah Grizzle, L.P.N., and Marie Decius, R.N. ("Buena Vida Defendants").
In brief, Brooklyn Hospital Center's prior motion sought an award of summary judgment and dismissal of Plaintiff's claims against Brooklyn Hospital Center. Their papers specifically sought dismissal of claims against the hospital and dismissal of plaintiff's lack of informed consent claims. Brooklyn Hospital Center made no argument on the issue of vicarious liability, nor did they request dismissal of such claims in their motion. Indeed, there was no notice to any party that dismissal was sought as to such claims. Furthermore, Brooklyn Hospital Center gave no indication that Dr. Fetto was an employee. The Buena Vida Defendants opposed the motion as to Plaintiff's vicarious liability claims, arguing that Brooklyn Hospital Center did not establish prima facie that Dr. Fetto was not an employee of Brooklyn Hospital Center at the time of the subject medical treatment and care. Dr. Fetto, a represented co-defendant in the action, submitted no papers in support or opposition to the original motion, nor did he move for summary judgment as to the claims against him.
Upon oral argument on February 28, 2024, the Court granted Brooklyn Hospital Center's motion only to the extent of dismissing all direct claims against the movant, but not claims of vicarious liability for any acts or omissions of Dr. Fetto. The Court held that "[a]s Dr. Fetto did not move for summary judgment, his liability, if any, is not the subject of this motion."
CPLR 2221 (d) provides that a party may move to reargue "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion," within thirty days [*2]after notice of entry of the decision and order. "Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision (internal quotation marks omitted)." Maurisaca v. Bowery at Spring Partners, L.P., 168 AD3d 711 [2d Dept 2019]. "While the determination to grant leave to reargue a motion lies within the sound discretion of the court, a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (Ahmed v Pannone, 116 AD3d 802 [2d Dept 2014] [internal quotation marks and citations omitted]).
It is also well settled that "under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of employment" (Fuessel v Chin, 179 AD3d 899, 901 [2d Dept 2020]). Generally, a hospital seeking summary judgment on a claim of vicarious liability in a medical malpractice case must establish that "the physician alleged to have committed the malpractice was an independent contractor and not a hospital employee and that the exception to the general rule [patients seeking emergency treatment from the hospital] did not apply" (id., quoting Muslim v Horizon Med. Group, P.C., 118 AD3d 681 [2d Dept 2014]).
"A court is generally limited to noticed issues that are the subject of the motion before it" (Banks v Stanford, 159 AD3d 134, 146 [2d Dept 2018]). CPLR 2214 provides that a notice of motion must specify, inter alia, "the relief demanded and the grounds therefor." Trial courts "lack the jurisdiction to grant relief that is not requested in the moving papers," although a general "such other, further, or different relief" clause permits the court "to grant relief that is not too dramatically unlike that which is actually sought, as long as the relief is supported by proof in the papers and the court is satisfied that no party is prejudiced" (Tirado v Miller, 75 AD3d 153 [2d Dept 2010]).
Here, Brooklyn Hospital Center has not shown that matters of fact or law were overlooked or misapprehended by the court. Instead, the movant reiterates their previous arguments. While the movant's experts discussed treatment provided by Dr. Fetto and opined broadly as to departures of "the staff" at Brooklyn Hospital Center, the movant sought only summary judgment as to their direct liability. There was no mention in the moving papers of vicarious liability and no clarification as to the alleged employer/employee relationship between Brooklyn Hospital Center and Dr. Fetto. He is referred to in the attorney affirmation as "the patient's physician of choice," not a member of the Brooklyn Hospital Center staff. He is referred to as "the patient's surgeon, who she chose to operate on her" in the expert affirmation of Dr. Robert Hendler. However, Dr. Fetto testified in the record that he was an employee. This issue was raised by the Buena Vida Defendants in opposition and was never addressed in reply or oral argument, except to the extent of arguing in their Reply that there was no negligence on the part of Brooklyn Hospital Center's employees "including, arguendo, Dr. Fetto." In the absence of any showing as to the employment relationship, Brooklyn Hospital Center did not establish prima facie entitlement to dismissal of the vicarious liability claims.
Brooklyn Hospital Center's argument that there was "no substantive opposition" on the issue of Dr. Fetto's own liability fails because there was no notice with respect to Dr. Fetto's primary liability in the original motion, and no party moved to dismiss Plaintiff's claims against Dr. Fetto (see CPLR 2214; Banks at 146). Any argument on Dr. Fetto's alleged malpractice in the substance of the moving papers was therefore deemed as not properly before the court on this motion, and it was not sufficiently similar or supported by Brooklyn Hospital Center's papers to fall under the "further and different relief" clause. Furthermore, this argument is not actually supported by the experts' affirmations in the original motion. Dr. Fetto was repeatedly referenced as a private attending physician and distinguished from the Brooklyn Hospital Center "staff" when the experts opined on the staff's alleged departures.
Brooklyn Hospital Center relies on Young v Heller (134 AD3d 1030 [2d Dept 2015]), where the [*3]hospital conceded their employer relationship with a technician who was not named as a defendant. The other case cited by the movant, Bey v Neuman (100 AD3d 581 [2d Dept 2012]), involved a joint motion from the hospital and employee on vicarious and direct liability claims. Neither case is applicable here, as in those cases the relationship between the entities formed a basis for the motion and there was proper notice of the issues in contention.
Lastly, as noted above, that Brooklyn Hospital Center specifically argued in its papers that the claim for lack of informed consent should be dismissed. As a direct claim against the hospital, this claim was dismissed as the movant established its prima facie entitlement. Just as the informed consent claim was addressed, any argument for dismissal of vicarious liability claims must have been addressed by the movant. This was not done in the prior motion. Accordingly, Brooklyn Hospital Center's motion to reargue is DENIED.
Separately, Dr. Fetto's cross motion (Seq. No. 7) seeks leave to reargue the prior motion of Brooklyn Hospital Center, raising a belated argument that Dr. Fetto is entitled to summary judgment based on the original motion papers. While courts have discretion to search the record "[i]f it shall appear that any party other than the moving party is entitled to a summary judgment" (CPLR 3212 [b]), this authority is used sparingly, as the already "drastic remedy" of summary judgment is compounded by granting relief for which there was no proper notice of motion (see Mark C. Dillon, Prac. Commentaries, CPLR 3212:39). A denial of such relief is not appealable as of right (see Ziegler v O'Neill, 197 AD3d 1135, 1136 [2d Dept 2021]). Furthermore, Dr. Fetto's application to the court is not only technically defective as a cross motion (see Daramboukas v Samlidis, 84 AD3d 719 [2d Dept 2011] ["a cross motion is an improper vehicle for seeking affirmative relief from a nonmoving party"]), but also seeks to reargue the prior motion for relief that was never sought or substantively argued.
Lastly, as the Buena Vida Defendants argue in opposition, the Note of Issue in this action was filed on October 11, 2023, and Dr. Fetto's time to bring a summary judgment motion has expired pursuant to CPLR 3212 (a). The cross motion herein is an improper vehicle to seek such relief, bypassing a showing of good cause for the delay (see Brill v City of New York, 2 NY3d 648 [2004]). For these reasons, Dr. Fetto's cross motion must be DENIED.
Accordingly, it is hereby:
ORDERED that Brooklyn Hospital Center's motion (Seq. No. 6) for an Order, pursuant to CPLR 2221 (d), granting leave to reargue, and upon reargument, dismissing all claims of vicarious liability against the movant and amending the caption to remove them, is DENIED; and it is further
ORDERED that Dr. Fetto's cross motion (Seq. No. 7) for an Order, pursuant to CPLR 2221 (d), granting leave to reargue, and upon reargument, dismissing all claims against Dr. Fetto and amending the caption to remove him, is DENIED.
This constitutes the decision and order of this Court.
ENTER.
Hon. Consuelo Mallafre Melendez
J.S.C.