Eastmore Owners Corp. v Zelmanovich (2025 NY Slip Op 50787(U))

[*1]

Eastmore Owners Corp. v Zelmanovich

2025 NY Slip Op 50787(U)

Decided on May 19, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 19, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570427/24

Eastmore Owners Corp., Petitioner-Landlord-Respondent, 
against
Blanche Zelmanovich, Respondent-Tenant-Appellant, and "John Doe" and "Jane Doe," Respondents-Undertenants.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Vanessa Fang, J.), dated January 22, 2025, which denied her motion for summary judgment dismissing the petition in a holdover summary proceeding.

Per Curiam
Order (Vanessa Fang, J.), dated January 22, 2025, affirmed, with $10 costs.
Tenant's motion for summary judgment dismissing this holdover proceeding, based upon allegations that she breached the governing proprietary lease agreement and House Rules by "failing to control [her] dog's incessant barking," was properly denied. The record, including the conflicting affirmations of several building residents and employees, raise triable issues of fact with respect to the frequency, duration and volume of the barking and whether it constituted a breach of the lease and House Rules. In these circumstances, the matter is properly resolved at a trial, at which sworn evidence can be received and credibility assessed.
Civil Court properly declined to address tenant's remaining contention, made for the first time in her reply papers, since "[t]he function of reply papers is to address arguments made in opposition to the position taken by the movant, not to permit the movant to introduce new arguments or new grounds for the requested relief" (Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826, 827 [2008]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 19, 2025