■ WALTER BAUMANN, JR., Plaintiff, v MID ISLAND HOSPITAL, Defendant and Third-Party Plaintiff-Respondent. ALAN P. SITRON, Third-Party Defendant-Appellant.—In an action to recover damages for medical malpractice, the third-party defendant appeals from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated March 14, 1986, as denied its motion to dismiss the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The underlying action was instituted to recover damages resulting from medical malpractice. The defendant in the main action instituted a third-party action against the appellant. The third-party complaint was stricken for noncompliance with a disclosure order. The order striking the third-party complaint was silent as to whether it was with prejudice. Judgment was entered as a result of the order, dismissing the third-party complaint. The words "with prejudice" were crossed off the judgment by the court clerk. Over 20 months later, the defendant third-party plaintiff commenced a new third-party action against the appellant on the same cause of action. The appellant moved to dismiss this second action on the grounds, *inter alia*, of res judicata. Special Term denied this motion. We agree.

In *Maitland v Trojan Elec. & Mach. Co.* (65 NY2d 614, 615-616) it was held that where "noncompliance with a disclosure order does not result in a dismissal with prejudice, or an order of preclusion or summary judgment in favor of defendant so as to effectively close plaintiff's proof, dismissal resulting from the noncompliance is not a merits determination so as to bar

commencement of a second action". We believe that *Maitland* is dispositive of this case.

We have reviewed the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Niehoff, Lawrence and Kooper, JJ., concur.