■ WES SHEET METAL CORP., et al., Respondents, v FLUSH-ING SAVINGS BANK, Appellant, et al., Defendants.—In an action, *inter alia,* to recover damages for fraud, breach of contract and breach of a fiduciary duty, the defendant Flushing Savings Bank appeals from so much of an order of the Supreme Court, Suffolk County (Hurley, J.), dated December 20, 1985, as denied those branches of its cross motion which were for summary judgment dismissing the first, second, fifth and eighth causes of action of the complaint insofar as they are asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the appellant's cross motion which were to dismiss the first and eighth causes of action of the complaint insofar as they are asserted against it, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

Our review of the record reveals that Special Term erred in denying those branches of the appellant's cross motion which were for summary judgment dismissing the first and eighth causes of action sounding in fraud as against it. Absent proof that the appellant knowingly made a false representation to the plaintiffs inducing their reliance, no triable issues of fact exist with respect to those causes of action.

However, we reject the appellant's contention that the plaintiffs are collaterally estopped from litigating several of their claims because these claims have been previously litigated in an action in the Supreme Court, New York County. There are two requirements that must be satisfied before the doctrine of collateral estoppel is invoked. "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" *(Kaufman v Lilly & Co.,* 65 NY2d 449, 455). The plaintiffs

were not a party to the New York County action and on the record before us we find that their interests were not represented by the parties to that action so as to afford them a full and fair opportunity to contest the prior determination. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.