■ SHARON DEGENNARO et al., Appellants, v PATERSON MILLS, INC., et al., Respondents. [720 NYS2d 408] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated November 24, 1999, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In 1990 the plaintiffs commenced an action against the defendants, alleging that the infant plaintiff sustained injuries when her pajamas, which were made by her grandmother from fabric purchased from the defendants, contacted a coil on a stove and caught fire. That action was consolidated with an action the plaintiffs brought against other defendants. By order dated September 28, 1994, the Supreme Court, Nassau County, dismissed the consolidated actions on the plaintiffs' failure to comply with disclosure orders. The order dismissing the consolidated actions was affirmed by this Court (*see, DeGennaro v Robinson Textiles,* 224 AD2d 574). The plaintiffs subsequently commenced this action in 1998, alleging the same facts and seeking the same relief, except to the extent that, approximately 10 years after the accident and 13 years after the purchase of the subject fabric, they now claim to be in possession of the item that was the subject of the disclosure orders they admittedly violated in the prior actions, i.e., the pajama bottoms the infant plaintiff was wearing at the time of the incident.

The Supreme Court properly dismissed the action. Under the circumstances of this case, the prior order of this Court in *DeGennaro v Robinson Textiles* (*supra*), was "tantamount to an order of preclusion which bars commencement of a new action" (*Anteri v NRS Constr. Corp.,* 148 AD2d 563, 564-565; *see also, Strange v Montefiore Hosp. & Med. Ctr.,* 59 NY2d 737; *cf., Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614; *Baumann v Mid Is. Hosp.,* 130 AD2d 700).

The action is also barred under the doctrine of collateral estoppel, since the plaintiffs raise arguments and claims which were raised in their prior appeal and were found to be without merit (*see, David v Biondo,* 92 NY2d 318; *Mosher v Baines,* 254 AD2d 467; *Wes Sheet Metal Corp. v Flushing Sav. Bank,* 132 AD2d 608). Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.