■ DANIELLE WILSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [791 NYS2d 567]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Glover, J.), dated January 26, 2004, which denied its motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On a prior appeal in this case (*see Wilson v New York City Hous. Auth.*, 303 AD2d 403 [2003]), this Court dismissed the plaintiffs' original complaint based on their failure to comply with a condition precedent to the commencement of an action against the defendant (*see* General Municipal Law § 50-h). Such an order would not ordinarily bar the commencement of a second action after the plaintiffs' omission has been cured (*see Matter of Farkas v New York State Dept. of Civ. Serv.*, 114 AD2d 563 [1985]; *De Ronda v Greater Amsterdam School Dist.*, 91 AD2d 1088 [1983]). As a general rule, "[w]here a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply" (*Sclafani v Story Book Homes*, 294 AD2d 559, 559-560 [2002]).

In the circumstances of this case, our prior order cannot properly be considered "tantamount to an order of preclusion which bars commencement of a new action" (*DeGennaro v Paterson Mills*, 280 AD2d 512, 513 [2001] [internal quotation marks omitted]; *see Anteri v NRS Constr. Corp.*, 148 AD2d 563, 564-565 [1989]). "Absent a dismissal on the merits, plaintiff[s] should not be barred from bringing [their second] action" (*Stray v Lutz*, 306 AD2d 836, 837 [2003]; *see also Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614 [1985]; *cf. Strange v Montefiore Hosp. & Med. Ctr.*, 59 NY2d 737 [1983]).

Because the statute of limitations did not expire before the commencement of the present action, the plaintiffs' second, we need not determine whether the plaintiffs' failure to comply with General Municipal Law § 50-h before the commencement of their first action would qualify as a type of "neglect to prosecute" that would have deprived them of the six-month period set forth in CPLR 205 (a) (*cf. Carven Assoc. v American Home Assur. Corp.*, 84 NY2d 927 [1994]; *Taylor v New York City Hous. Auth.*, 234 AD2d 52, 53 [1996]). Here, the plaintiffs need not seek recourse to the provisions of CPLR 205 (a) because their second action was commenced within the prescriptive period, as

tolled pursuant to CPLR 208. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.