■ Nicholas Sabbatini, Appellant, v Elizabeth Galati, as Executrix of Benito Galati, Deceased, et al., Defendants, and Elizabeth Galati, Respondent. [842 NYS2d 539]—

In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Nelson, J.), entered September 30, 2005, which granted the motion of the defendant Elizabeth Galati for summary judgment dismissing the complaint insofar as asserted against her in her individual capacity.

Ordered that the order is affirmed, with costs.

In January 1994, to secure payment of a debt, the defendants Benito Galati and Maria Galati executed a second mortgage in favor of the plaintiff on real property they owned in Long Island City. The plaintiff did not record the mortgage. Several months later, on July 11, 1994, the plaintiff obtained a confession of judgment from Benito Galati based on the same mortgage debt. The plaintiff filed the confession of judgment on November 2, 1994 but did not attempt to execute on his judgment. Although he testified at his deposition that Benito Galati was "having financial difficulties and that the [real property] as well as other business entities the Galatis had were being foreclosed," the plaintiff further testified that he decided not to pursue enforcement of the judgment because he felt that retaining an attorney would be expensive and because he had his own business problems. Meanwhile, on July 19, 1994 Benito Galati and Maria Galati executed another mortgage on the real property, this one in favor of Joseph Gallo, securing a debt they allegedly owed to Gallo in the sum of $300,000.

In August 1994 the bank that held the first mortgage on the real property, Astoria Federal Savings and Loan Association (hereinafter Astoria), commenced an action to foreclose its mortgage. The plaintiff was not made a party to that action, and he does not claim that he made any effort to bring his unrecorded liens to the attention of the parties to that action. A judgment of foreclosure and sale ultimately was entered, and the real property was sold to Gallo at a foreclosure sale held on September 21, 1995. Approximately five years later, on August 31, 2000, Gallo conveyed the property to Elizabeth Galati, the daughter of Benito Galati and Maria Galati.

On April 4, 2003 the plaintiff commenced an action (hereinafter the original action) against the Galatis and Gallo, among others, inter alia, to set aside the conveyance from Gallo to Elizabeth Galati, to restore title to Benito Galati and Maria Galati, and to foreclose his mortgage, alleging that the Galatis and Gallo engaged in a fraudulent scheme to render Benito Galati and Maria Galati judgment proof. The Supreme Court granted the motion of the defendant Elizabeth Galati for summary judgment dismissing the complaint in the original action insofar as asserted against her finding, inter alia, that the original action was time-barred under the statute of limitations applicable to actions based on fraud (see CPLR 213 [8]). On appeal, this Court affirmed on the alternative ground that the plaintiff had failed to establish, as a condition precedent to the commencement of the action, that he had caused an execution of judgment to be issued and that it was returned unsatisfied. We thus held that the action was barred by the plaintiff's failure to comply with RPAPL 1301 (1). In light of our determination, we found no reason to address the remaining contentions of the parties (see Sabbatini v Galati, 14 AD3d 547, 548 [2005]).

The plaintiff thereafter caused an execution of judgment to be issued, which was returned unsatisfied by the sheriff. The plaintiff then commenced this action for the same relief as was demanded in the original action, seeking the benefit of CPLR 205 (a), which permits a plaintiff to commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after termination of a prior action, provided that the prior action was timely commenced and was not terminated, inter alia, by a final judgment upon the merits.

Elizabeth Galati moved for summary judgment dismissing the complaint insofar as asserted against her in her individual capacity, arguing, inter alia, that res judicata and collateral estoppel barred the instant action, and that, in any event, the original action was untimely commenced. The Supreme Court granted the motion, reasoning that its prior finding of untimeliness was not disturbed by our decision and order on appeal in the original action, and implicitly holding that the action was barred by res judicata and collateral estoppel. The plaintiff appeals. During the pendency of the appeal, Benito Galati died and Elizabeth Galati, as administratrix of his estate, was substituted for him.

Although the Supreme Court erred in granting Elizabeth Galati's motion for summary judgment dismissing the complaint insofar as asserted against her in her individual capacity to the

extent its determination was premised on the doctrines of res judicata and collateral estoppel, we nevertheless affirm the order on the ground that the action is barred by the statute of limitations.

Compliance with RPAPL 1301 (1) is a condition precedent to an action to foreclose a mortgage. Dismissal of a complaint for the failure to satisfy a condition precedent to suit is not a "final judgment upon the merits" for the purposes of CPLR 205 (a) (*see Carrick v Central Gen. Hosp.,* 51 NY2d 242, 251-252 [1980]; *Wilson v New York City Hous. Auth.,* 15 AD3d 572, 573 [2005]; *Knotts v City of New York,* 6 AD3d 664, 665 [2004]). Therefore, the plaintiff was entitled to the benefit of CPLR 205 (a) if the original action were timely commenced, and the dismissal of the original action would not give rise to res judicata or collateral estoppel in the second action. Contrary to the determination of the Supreme Court, collateral estoppel does not bar relitigation of the issue of the timeliness of the original action, an issue not finally determined against the plaintiff on the prior appeal (*see generally Ryan v New York Tel. Co.,* 62 NY2d 494, 500 [1984]). Elizabeth Galati's characterization of this Court's decision and order as articulating an "additional" ground for dismissal, while not upsetting the Supreme Court's findings as to the statute of limitations, misapprehends the decision and order of this Court, which based its affirmance only on RPAPL 1301 (1) and expressly stated it was not addressing any remaining issues (*see Sabbatini v Galati,* 14 AD3d 547 [2005], *supra*).

The original action, filed on April 4, 2003, however, was untimely commenced since the gravamen of the plaintiff's two causes of action was actual fraud (*see* CPLR 213 [8]; *Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264 [1937]; *Doe v Jacobs,* 19 AD3d 641, 642 [2005]; *Gold Sun Shipping v Ionian Transp.,* 245 AD2d 420, 421 [1997]). Thus, the plaintiff had the later of six years from the date his cause of action accrued or two years from the time he discovered, or with reasonable diligence could have discovered, the fraud in order to commence the original action (*see* CPLR 213 [8]; *Liberty Co. v Boyle,* 272 AD2d 380, 381 [2000]; *Leone v Sabbatino,* 235 AD2d 460, 461 [1997]; *Bernstein v La Rue,* 120 AD2d 476, 478 [1986]). The causes of action accrued no later than November 13, 1995, when Gallo acquired a referee's deed to the real property as a result of Astoria's foreclosure of the first mortgage. The original action was commenced more than six years later. Nothing Elizabeth Galati allegedly did in acquiring title on August 31, 2000 added to the plaintiff's alleged losses, and thus her conduct may not be deemed to give rise to a new or separate cause of action, nor did

her conduct delay or extend the accrual of the causes of action alleging fraud.

The plaintiff bears the burden of establishing that he could not have, with reasonable diligence, discovered the fraud earlier than two years before commencing the original action (see *Julian v Carroll,* 270 AD2d 457, 457-458 [2000]; *Hillman v City of New York,* 263 AD2d 529, 529-530 [1999]; *Lefkowitz v Appelbaum,* 258 AD2d 563 [1999]). He failed to satisfy this burden. Indeed, the record reveals that he knew enough by the time he recorded Benito Galati's confession of judgment on November 2, 1994 to put him on notice of the alleged fraud. By then, no reasonably diligent creditor in the plaintiff's circumstances would have failed to uncover the objective facts on which the plaintiff now bases his complaint—the execution, tender, and recording of an allegedly fraudulent deed in favor of Gallo.

Accordingly, the action is time-barred, and the Supreme Court properly granted the motion of Elizabeth Galati for summary judgment dismissing the complaint insofar as asserted against her in her individual capacity.

In view of this disposition, it is unnecessary to address the parties' remaining contentions.

Finally, we decline the request of Elizabeth Galati, in her individual capacity, to award sanctions against the plaintiff on this appeal. Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.