—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), entered December 21, 2009, as granted that branch of the motion of the defendant Dana A. Mannor pursuant to CPLR 3211 (a) which was to dismiss the complaint insofar as asserted against her, granted the motion of the defendants Aetna Health, Inc., Aetna Health, Inc., doing business as U.S. Healthcare, Inc., and Jane Doe, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, granted that branch of the motion of the defendant Lenox Hill Hospital which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it, granted the motion of the defendant Rawlings Company, LLC, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it, and denied her motion to adjourn the consideration of the defendants’ separate motions.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.
The Supreme Court properly granted that branch of the motion of the defendant Dana A. Mannor, that branch of the motion of the defendant Lenox Hill Hospital, and the motion of the defendants Aetna Health, Inc., Aetna Health, Inc., doing business as U.S. Healthcare, Inc., and Jane Doe which were to dismiss the complaint insofar as asserted against them on the *816 ground that the causes of action asserted against them were barred by the doctrine of res judicata (see CPLR 3211 [a] [5]; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; Coliseum Towers Assoc. v County of Nassau, 217 AD2d 387, 390 [1996]). In addition, the court properly granted the motion of the defendant Rawlings Company, LLC, to dismiss the complaint insofar as asserted against it on the ground that the causes of action asserted against it were barred by the applicable statutes of limitation (see CPLR 3211 [a] [5]; 213 [2], [8]; 214 [2], [5]; Sabbatini v Galati, 43 AD3d 1136, 1140 [2007]).
The plaintiff’s remaining contentions are without merit.
Balkin, J.P, Leventhal, Roman and Cohen, JJ., concur.