Kogut v Village of Chestnut Ridge (2023 NY Slip Op 01283)

Kogut v Village of Chestnut Ridge

2023 NY Slip Op 01283

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-03089
 (Index No. 36311/19)

[*1]Hilda Kogut, et al., respondents,
v
Village of Chestnut Ridge, et al., appellants.

Feerick Nugent MacCartney, PLLC, South Nyack, NY (Patrick A. Knowles of counsel), for appellants.
Steven N. Mogel, Monticello, NY, for respondents.

DECISION & ORDER
In an action for declaratory relief, the defendants appeal from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated March 5, 2020. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 21, 2019, the Board of Trustees of the Village of Chestnut Ridge passed Local Law No. 1-2019 of the Village of Chestnut Ridge, also known as the House of Worship Law (hereinafter HOW), which became effective on March 5, 2019. By petition/complaint dated March 21, 2019, the plaintiffs in this action commenced a related hybrid proceeding pursuant to CPLR article 78 seeking, in effect, to annul a negative declaration of HOW under the State Environmental Quality Review Act (ECL art 8) and action for a declaratory relief (hereinafter the first proceeding). Relevant facts pertaining to the first proceeding are set forth in a related appeal (see Matter of Kogut v Village of Chestnut Ridge, ___ AD3d ___ [decided herewith]). By order dated October 4, 2019, the Supreme Court, inter alia, directed dismissal of the fourth, fifth, and sixth causes of action in the first proceeding, each seeking declaratory relief, based on the plaintiffs' acknowledged failure to wait the requisite 40 days after allegedly filing a notice of claim in the office of the village clerk before bringing so much of the first proceeding as sought declaratory relief (see CPLR 9802).
On November 6, 2019, the plaintiffs commenced this action against the defendants, reasserting the same three causes of action for declaratory relief as they previously asserted in the first proceeding. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. By order dated March 5, 2020, the Supreme Court, among other things, denied that branch of the motion. The defendants appeal.
The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. "A defendant who seeks dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired" (Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1029 [internal quotation marks [*2]omitted]). "The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising a question of fact as to whether such an exception applies, or as to whether the cause of action was interposed within the applicable statute of limitations" (id. at 1029 [alterations and internal quotation marks omitted]). "An action for a declaratory judgment is generally governed by a six-year statute of limitations" (Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d 928, 931, citing CPLR 213[1]). "However, where a declaratory judgment action involves claims that could have been made in another proceeding for which a specific limitation period is provided, the action is subject to the shorter limitations period" (Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d at 931). Thus, where, as here, a proceeding could have been brought pursuant to CPLR article 78, the four-month statute of limitations applicable to such proceedings applies (see CPLR 217[1]; Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194; Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d at 931). As this action was commenced outside of the applicable four-month period, the defendants established, prima facie, that this action was untimely.
However, in opposition, the plaintiffs raised a question of fact as to whether the action was timely pursuant to the savings provision of CPLR 205(a) (see HSBC Bank USA, N.A. v Janvier, 187 AD3d 999, 1001). Generally, "CPLR 205(a) extends the time to commence an action after the termination of an earlier related action, where both actions involve the same transaction or occurrence or series of transactions or occurrences" (Sokoloff v Schor, 176 AD3d 120, 126; see Matter of Morris Invs. v Commissioner of Fin. of City of N.Y., 69 NY2d 933, 935). "CPLR 205(a) is subject to three unyielding conditions. First, the new action will be permitted only if it would have been timely if commenced at the time of the prior action. Second, the new action must be commenced within six months of the termination of the prior action. Third, the prior action must be terminated for reasons other than its voluntary discontinuance, the failure to obtain personal jurisdiction over the defendant, neglect to prosecute, or a final judgment upon the merits" (Sokoloff v Schor, 176 AD3d at 127).
Here, the requirements of CPLR 205(a) have been satisfied (see Goodman v Skanska USA Civ., Inc., 169 AD3d 1010, 1012). This action would have been timely at the commencement of the first proceeding, and this action was commenced within six months of the issuance of the order directing dismissal of the causes of action in the first proceeding which were for declaratory relief. Further, the determination directing dismissal of those causes of action was not based upon a voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute the first proceeding, or a final judgment on the merits (see Carrick v Central Gen. Hosp., 51 NY2d 242, 251-252; Sabbatini v Galati, 43 AD3d 1136, 1139; Wilson v New York City Hous. Auth., 15 AD3d 572, 573).
Contrary to the defendants' contention on appeal, the Supreme Court properly declined to consider their argument and evidence, submitted for the first time in their reply papers, that the plaintiffs failed to file a notice of claim, which is a condition precedent to suit (see Gelaj v Gelaj, 164 AD3d 878, 879; Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826, 827; Adler v Suffolk County Water Auth., 306 AD2d 229, 230). Contrary to the defendants' further contention, the exception for evidence submitted in response to an argument raised for the first time in opposition papers was not applicable here (see Gelaj v Gelaj, 164 AD3d at 879; cf. David v Chong Sun Lee, 106 AD3d 1044, 1045). Further, the plaintiffs were not afforded an opportunity to address the new argument and evidence (see Gottlieb v Wynne, 159 AD3d 799, 801; Matter of Allstate Ins. Co. v Dawkins, 52 AD3d at 827). In any event, even if it were properly considered, the evidence submitted in connection with the defendants' reply papers failed to eliminate questions of fact as to whether the plaintiffs filed a timely notice of claim (see generally Joseph-Felix v Hersh, 208 AD3d 571, 573; Jones v Castlerick, LLC, 128 AD3d 1153, 1154).
The defendants' remaining contentions are not properly before us.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court