Deutsche Bank Natl. Trust Co. v Zak (2025 NY Slip Op 00947)

Deutsche Bank Natl. Trust Co. v Zak

2025 NY Slip Op 00947

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-09172
 (Index No. 719699/18)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Luz Zak, et al., respondents, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri of counsel), for appellant.
Queens Legal Services, Jamaica, NY (Amy Hammersmith of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Sally E. Unger, J.), entered October 4, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim of the defendants Luz Zak and Angela Arcila pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and granted those branches of those defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim of the defendants Luz Zak and Angela Arcila pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage insofar as asserted by the defendant Angela Arcila, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting those branches of the cross-motion of the defendants Luz Zak and Angela Arcila which were for summary judgment dismissing the complaint insofar as asserted against the defendant Angela Arcila as time-barred and on those defendants' counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage insofar as asserted by the defendant Angela Arcila, and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On July 25, 2006, the defendants Luz Zak and Angela Arcila (hereinafter together the defendants), and the decedent, Peter S. Zak, executed a note in the amount of $491,840 in favor of Household Finance Realty Corporation of New York (hereinafter Household). The note was secured by a mortgage on certain real property located in Queens.
On September 25, 2009, the plaintiff, Household's successor in interest, commenced an action against the defendants, among others, to foreclose the mortgage (hereinafter the first action). On August 19, 2015, the plaintiff commenced a second action against the defendants, [*2]among others, to foreclose the mortgage (hereinafter the second action). In an order entered January 23, 2017, the Supreme Court directed dismissal of the complaint in the first action pursuant to CPLR 3216 on the ground that the plaintiff had failed to prosecute the action. In an order entered July 17, 2018, the court, inter alia, granted that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them in the second action on the ground that the plaintiff had failed to comply with RPAPL 1304.
On December 14, 2018, the plaintiff commenced the instant action against the defendants, among others, to foreclose the mortgage. A process server stated in an affidavit that she served Arcila personally on December 28, 2018. The same process server stated in an affidavit that she served Luz Zak by delivering a copy of the summons and complaint to Arcila, Luz Zak's daughter, a person of suitable age and discretion, and by mailing a copy of the summons and complaint to Luz Zak on January 7, 2019. The affidavit of service with respect to Luz Zak was filed with the Queens County Clerk on January 9, 2019.
The defendants interposed an answer, among other things, asserting a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations in which to commence a foreclosure action had expired. On August 22, 2019, the plaintiff moved, inter alia, for summary judgment dismissing the counterclaim. The defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was time-barred and on the counterclaim. In opposition to the cross-motion, the plaintiff contended that the instant action was timely commenced pursuant to CPLR 205(a). In an order entered October 4, 2022, the Supreme Court denied that branch of the plaintiff's motion and granted those branches of the defendant's cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank, N.A. v Connor, 204 AD3d 861, 862-863). The entire mortgage debt will be deemed to have been accelerated, as relevant here, by the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank, N.A. v Connor, 204 AD3d at 863).
Under CPLR 205(a), where an action is timely commenced and is terminated for any reason other than those specified in the statutes, the plaintiff may commence a new action upon the same transaction or occurrence within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is "effected" within such six-month period. As part of the Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]; hereinafter FAPA), a new section, CPLR 205-a, which governs the termination of certain actions, including an action upon a bond or note that is secured by a mortgage on real property, was enacted. Under CPLR 205-a, where a foreclosure action is timely commenced and is terminated for any reason other than those specified in the statutes, the plaintiff may commence a new action upon the same transaction or occurrence within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is "completed" within such six-month period.
Here, the mortgage debt was first accelerated, and the statute of limitations began to run, when the plaintiff commenced the first action on September 25, 2009 (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201). Thus, the statute of limitations expired six years later on September 25, 2015. The second action was timely commenced on August 19, 2015, and the instant action was commenced on December 14, 2018, more than three years after the statute of limitations expired.
Under the standard set forth in either CPLR 205(a) or CPLR 205-a, the action was timely insofar as asserted against Arcila. Initially, contrary to the Supreme Court's determination, [*3]a dismissal for failure to comply with RPAPL 1304 did not constitute a dismissal on the merits for the purposes of CPLR 205(a) and 205-a because the "[d]ismissal of a complaint for the failure to satisfy a condition precedent to suit is not a 'final judgment upon the merits' for the purposes of CPLR 205(a)" (Sabbatini v Galati, 43 AD3d 1136, 1139; see CitiMortgage, Inc. v Moran, 188 AD3d 407, 408; see also Wells Fargo Bank, N.A. v Fregosi, 222 AD3d 811, 812). Under CPLR 205(a) or 205-a, the six-month period to recommence the action ran from the date of entry of the order dismissing the second action, which was July 17, 2018 (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608). Arcila was served personally on December 28, 2018, and service was effected and completed on that day pursuant to CPLR 308(1). Thus, the instant action was timely recommenced pursuant to either CPLR 205(a) or 205-a insofar as asserted against Arcila. Accordingly, the court should have granted that grant of the plaintiff's motion which was for summary judgment dismissing the defendants' counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage insofar as asserted by Arcila, and should have denied those branches of the defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against Arcila as time-barred and on their counterclaim insofar as asserted by Arcila.
With respect to Luz Zak, service was effected on January 7, 2019, pursuant to CPLR 308(2), which was within six months after the termination of the prior action. However, the affidavit of service was not filed until January 9, 2019, and service was thus completed 10 days later on January 19, 2019 (see CPLR 308[2]), which was 2 days after the six-month deadline to recommence the foreclosure action under CPLR 205-a. The plaintiff's arguments challenging the retroactive application of FAPA and CPLR 205-a are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, _____ AD3d _____, 2024 NY Slip Op 06623 [2d Dept]; 97 Lyman Ave., LLC v MTGLQ Investors, L.P., _____ AD3d _____, 2024 NY Slip Op 06611 [2d Dept]). Accordingly, we affirm so much of the order appealed from as denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage insofar as asserted by Luz Zak and granted those branches of the defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against Luz Zak as time-barred and on their counterclaim insofar as asserted by Luz Zak.
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court