Wells Fargo Bank, N.A. v Palaigos (2025 NY Slip Op 01127)

Wells Fargo Bank, N.A. v Palaigos

2025 NY Slip Op 01127

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-02908
 (Index No. 33448/14)

[*1]Wells Fargo Bank, N.A., etc., appellant, 
v
Jeanne Palaigos, etc., respondent, et al., defendants.

McCabe, Weisberg & Conway, LLC, Melville, NY (Jamie C. Krapf of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated February 21, 2023. The order, after a hearing on the issue of compliance with RPAPL 1304, denied the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and directed dismissal of the complaint insofar as asserted against the defendant Jeanne Palaigos with prejudice.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as directed dismissal of the complaint insofar as asserted against the defendant Jeanne Palaigos with prejudice is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof directing dismissal of the complaint insofar as asserted against the defendant Jeanne Palaigos with prejudice, and substituting therefor a provision directing dismissal of the complaint insofar as asserted against the defendant Jeanne Palaigos without prejudice; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to foreclose a mortgage. The defendant Jeanne Palaigos (hereinafter the defendant), as administrator of the estate of Peter M. Nikiforos, subsequently interposed an answer asserting, among other affirmative defenses, that the plaintiff failed to comply with RPAPL 1304. The plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion, arguing, inter alia, that the plaintiff failed to prove strict compliance with the notice requirements of RPAPL 1304. By order dated February 4, 2020, the Supreme Court directed the parties to appear for a hearing on the issue of the plaintiff's compliance with RPAPL 1304. Upon the conclusion of the hearing, in an order dated February 21, 2023, the court denied the plaintiff's motion and directed dismissal of the complaint insofar as asserted against the defendant with prejudice. The plaintiff appeals.
Contrary to the plaintiff's contention, it failed to establish strict compliance with RPAPL 1304 at the hearing. RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute "further provides the required content for the notice and provides that the [*2]notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v. Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). "Strict compliance with the RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action" (Deutsche Bank Natl. Trust Co. v Guevara, 227 AD3d 951, 953; see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20).
"The plaintiff can establish strict compliance with RPAPL 1304 by submitting proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Deutsche Bank Natl. Trust Co. v Guevara, 227 AD3d at 953; see U.S. Bank N.A. v. Glasgow, 218 AD3d 717, 719; Nationstar Mtge., LLC v Paganini, 191 AD3d 790, 794; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20).
Here, the Supreme Court correctly determined that the plaintiff failed to establish that the required notice was sent in strict compliance with RPAPL 1304. The plaintiff's witness identified two copies of the notice, one addressed to the subject property and the other to Nikiforos's last known address, but only the notice addressed to the property had a United States Postal Service tracking number. Even with respect to that notice, no receipt or corresponding document issued by the United States Postal Service was submitted proving that the notice was actually sent by certified mail more than 90 days prior to commencement of the action (see US Bank N.A. v Pierre, 189 AD3d 1309, 1311). As to the copy of the notice addressed to Nikiforos's last known address, the witness could not explain why there was no tracking number where there was a space for one. Moreover, neither copy bore any indicia of first-class mailing. Further, while the witness testified that he was personally familiar with the record-keeping system and mailing practices of the plaintiff's loan servicer, he never testified as to the procedure for generating or mailing the notices. Thus, his testimony failed to establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Deutsche Bank Natl. Trust Co. v Guevara, 227 AD3d at 952).
There is merit to the plaintiff's argument that the Supreme Court should have directed dismissal of the complaint without prejudice. "Compliance with RPAPL [1304] is a condition precedent to an action to foreclose a mortgage. Dismissal of a complaint for the failure to satisfy a condition precedent to suit is not a 'final judgment upon the merits' for the purposes of CPLR 205(a)" (Sabbatini v Galati, 43 AD3d 1136, 1139; see Carrick v Central Gen. Hosp., 51 NY2d 242, 251-252; Wilson v New York City Hous. Auth., 15 AD3d 572, 573; Knotts v City of New York, 6 AD3d 664, 665). Accordingly, the court should have directed dismissal of the complaint insofar as asserted against the defendant without prejudice, as the plaintiff was entitled to the benefit of CPLR 205(a) or the newly enacted CPLR 205-a (see Sabbatini v Galati, 43 AD3d at 1139).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court