HSBC Bank USA v Lem (2025 NY Slip Op 01357)

HSBC Bank USA v Lem

2025 NY Slip Op 01357

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-07054
 (Index No. 529780/21)

[*1]HSBC Bank USA, etc., appellant, 
v
Alfredo Lem, respondent, et al., defendants.

Duane Morris LLP, New York, NY (Brett L. Messinger and Brian J. Slipakoff of counsel), for appellant.
Borchert & LaSpina, P.C., Whitestone, NY (Edward A. Vincent of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 1, 2022. The order granted the motion of the defendant Alfredo Lem pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred and to cancel a notice of pendency filed by the plaintiff against the subject property.
ORDERED that the order is affirmed, with costs.
On March 9, 2006, the defendant Alfredo Lem (hereinafter the defendant) executed a note in the sum of $516,150 in favor of Delta Funding Corporation (hereinafter Delta). The note was secured by a mortgage on certain residential property located in Brooklyn (hereinafter the premises). The complaint alleged that the defendant defaulted under the terms of the note and mortgage by failing to make the monthly payments due on April 1, 2007, and thereafter.
On December 3, 2007, the plaintiff, alleging that it was the holder of the mortgage, commenced an action (hereinafter the 2007 action) against the defendant, among others, to foreclose the mortgage. In an order dated October 8, 2013, the Supreme Court directed that the 2007 action be discontinued.
On December 31, 2013, the plaintiff commenced a second action (hereinafter the 2013 action) against the defendant, among others, to foreclose the mortgage. In an order dated January 15, 2019, the Supreme Court granted the defendant's motion to dismiss the amended complaint insofar as asserted against him in the 2013 action. The plaintiff appealed from the order dated January 15, 2019. In a decision and order dated May 26, 2021, this Court affirmed the order dated January 15, 2019 (HSBC Bank USA, N.A. v Lem, 194 AD3d 1027).
On November 19, 2021, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. In January 2022, the defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred and to cancel the notice of pendency filed by the plaintiff against the premises. The plaintiff opposed the motion. In an order dated August 1, 2022, the Supreme Court granted the motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d at 1752; see HSBC Bank USA, N.A. v Corrales, 224 AD3d at 818).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the entire debt (see Wilmington Trust Co. v Yonkus, 224 AD3d 863, 864; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042).
As the plaintiff correctly contends, the Supreme Court should not have granted the defendant's motion on the ground that the plaintiff's effort at service pursuant to CPLR 308(4) was improper due to its failure to exercise due diligence in confirming the defendant's correct address. This contention was raised for the first time in the defendant's reply papers and relied upon evidence improperly submitted for the first time with the defendant's reply papers. The plaintiff had no opportunity to respond to the new contention and new evidence (see Castro v Durban, 161 AD3d 939, 941; Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677, 678).
However, the Supreme Court properly determined that the defendant established, prima facie, that this action was not timely commenced, because the six-year statute of limitations began to run on the entire debt when plaintiff commenced a prior foreclosure action and elected to call due the entire amount secured by the mortgage, and the instant action was commenced more than six years later (see CPLR 213[4]; Wilmington Trust Co. v Yonkus, 224 AD3d at 864; U.S. Bank N.A. v Simon, 216 AD3d at 1042).
In opposition, the plaintiff contended that the action was timely because it was commenced within the applicable six-month extension period afforded by CPLR 205(a) (see Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d 967, 968). However, under the Foreclosure Abuse Prevention Act (L 2022, ch 821; hereinafter FAPA), the savings provision of CPLR 205(a) was replaced with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d at 968). Pursuant to CPLR 205-a, where an action upon an instrument described under CPLR 213(4) is timely commenced and is not terminated on certain enumerated grounds, "the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced" and that "service upon the original defendant is completed within such six-month period" (CPLR 205-a [emphasis added]; see Deutsche Bank Natl. Trust Co. v Heitner, 266 AD3d at 968). "Notably, under CPLR 205(a), in order to qualify for the six-month extension, service need only be 'effected' within the six-month period" (id.; see U.S. Bank N.A. v McLean, 209 AD3d 792, 794). "In contrast, in enacting CPLR 205-a, the Legislature chose to require that service upon the defendant be 'completed' within the six-month period" (Deutsche Bank Natl. Trust Co. v Heitner, 266 AD3d at 968).
As the plaintiff correctly contends, the 2013 action terminated for purposes of CPLR 205-a when this Court issued its decision and order dated May 26, 2021, which affirmed the order dated January 15, 2019, granting the defendant's motion to dismiss the amended complaint insofar as asserted against him in the 2013 action (see Deutsche Bank Natl. Trust Co. v Booker, 221 AD3d 579, 582). According to the affidavits of service, the plaintiff served the defendant at the premises by affixing the summons and complaint and accompanying papers to the door thereof on November 25, 2021, and by mailing a copy of same to the premises by first-class mail on November 26, 2021. The affidavits of service were filed on November 29, 2021, and service was complete 10 days later, on December 9, 2021 (see CPLR 308[4]; Bank of N.Y. Mellon Trust Co. v Kyung Soon Lee, 202 AD3d 898, 899). Since service was not complete until after the expiration of the six-month period to commence a new action under CPLR 205-a, the plaintiff failed to raise a question of fact as to whether this action was timely commenced (see Deutsche Bank Natl. Trust Co. v Heitner, 266 AD3d [*2]at 968).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Investors, L.P., 233 AD3d 1038.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred and to cancel the notice of pendency filed against the premises.
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court