## Sansone v North Shore Invs. Realty Group, LLC

2025 NY Slip Op 31976(U)

June 3, 2025

Supreme Court, Nassau County

Docket Number: Index No. 611543/2017

Judge: Gregg Roth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT - STATE OF NEW YORK

PRESENT:

*Honorable Gregg Roth*
**Justice of the Supreme Court**

_____X

ELYSE M. SANSONE,

                                        Plaintiff(s),

                    -against-


NORTH SHORE INVESTORS REALTY
GROUP, LLC AND NASSAU COUNTY
CLERK ,


                                        Defendant(s).


_____X

**TRIAL/IAS, PART 29
NASSAU COUNTY**


**Index No.: 611543/2017**


**Motion Seq No.:      004**


**Motion Submitted: 4/7/25**


The following papers read on this motion:


        Notice of Motion/Supporting Exhibits.............................................X



Upon the foregoing e-filed papers, Plaintiff Elyse M. Sansone's ("Plaintiff")

motion seeking an order pursuant to CPLR 3212 granting summary judgment in her favor

as to her Complaint insofar as asserted against Defendant North Shore Investors Realty

Group, LLC ("Defendant") and pursuant to CPLR 3025(c) amending the pleadings to

conform to the evidence determined as set forth hereinafter.

        Plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and

discharge of record a mortgage encumbering a property located at 24 North Strathmore

[* 1]

Street, Valley Stream, New York ("the premises"). On August 3, 2007, Richard Sansone ("Borrower"), Plaintiff's husband, executed a mortgage in the sum of $412,000 in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Resmae Mortgage Corporation ("Resmae") as security for repayment of a note. Borrower defaulted under the terms of the mortgage on or about July 2008. The mortgage was then assigned to Wells Fargo Bank ("Wells Fargo") as Trustee for the Resmae Mortgage. Wells Fargo commenced a foreclosure action on June 19, 2009 titled Wells Fargo Bank, NA as Trustee for the Resmae Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-1 v Rick Sansone, Index No. 11942/2009 ("2009 action"). The Borrower died on August 11, 2009 and Plaintiff, as his sole heir, inherited ownership to the premises. Subsequently, on February 3, 2012, the 2009 action was discontinued pursuant to a Stipulation of Discontinuance.

On or about May 2011, the mortgage was assigned to Kondaur Capital Corporation ("Kondaur"). On March 21, 2012, Kondaur commenced a second foreclosure action titled Kondour Capital Contribution v Jeffrey E Deluca, et. al., under Index No. 3649/2012 ("2012 action"). The mortgage was assigned to Defendant on January 14, 2014. On June 14, 2016, the 2012 action was voluntary discontinued by Kondour. On October 27, 2017, Plaintiff commenced the instant action seeking to cancel and discharge of record the mortgage on the premises on the ground that the statute of limitations within which to commence an action to foreclose a mortgage had expired. On April 18, 2018, Defendant commenced a third foreclosure action titled North Shore Investors Realty

2

[* 2]

Group, II, LLC v Jeffrey E. Deluca, et. al., under Index No 000443/2018 ("2018 action").

By Decision and Order dated April 23, 2018 and entered April 25, 2018, this Court cancelled and discharged of record the mortgage on the premises after Plaintiff moved for an order granting summary judgment on her Complaint ("2018 Order"). The Court held that a Notice of Intent to Foreclose sent to the Borrower in 2008 accelerated the mortgage, that the statute of limitations had expired, and therefore the 2018 action was untimely. In addition to the foregoing, By Decision and Order dated November 19, 2018 and entered on March 27, 2019, the 2018 action was consolidated with the instant action and dismissed on the ground that the 2018 action was a nullity given that the Court cancelled and discharged the subject mortgage for the premises ("2019 Order"). On July 19, 2023, after Defendant appealed the 2018 Order, the Appellate Division, Second Department reversed the 2018 Order and denied Plaintiff's motion seeking summary judgment on her Complaint on the ground that the Notice of Intent to Foreclose was not a clear and unequivocal intent to foreclose the mortgage *(see Sansone v North Shore Investors Realty Group, LLC,* 218 Ad3d 698 [2d Dept 2023]). By Order dated August 13, 2024 and entered on August 19, 2024, Defendant's motion to vacate the 2019 Order and restore the 2018 action was granted.

Plaintiff now moves again for an order pursuant to CPLR 3212 granting summary judgment in her favor as to the Complaint insofar as asserted against Defendant based upon the premise that the time to commence a foreclosure action has expired. Defendant opposes the motion.

3

[* 3]

"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Once the movant has demonstrated a prima facie showing of entitlement to judgment, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action" (*Zuckerman v New York*, 49 NY2d 557 [1980]).

"[P]ursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced." *(BH 263, LLC v Bayview Loan Servicing, LLC,* 175 AD3d 1375, 1376 [2d Dept 2019][internal citations and quotations omitted]).

"Pursuant to CPLR §213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations. Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt. Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call

4

due the entire amount secured by the mortgage. The recently enacted Foreclosure Abuse Prevention Act [hereinafter FAPA] amended CPLR 213(4) by adding, among other things, paragraph (a), which provides that in any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (*GMAT Legal Title Trust 2014-1 v Kator*, 213 AD3d 915, 917 [2d Dept 2023] [internal citations and quotations omitted]).

Plaintiff argues that the 2009 action accelerated the subject mortgage and the applicable statute of limitations has expired, with more than six years having elapsed since the date of acceleration and the commencement of the 2018 action. Plaintiff argues that although the 2009 action and 2012 action were voluntary discontinued, the 2018 action is time-barred pursuant to the Foreclosure Abuse Prevention Act ("FAPA"). Plaintiff argues that the cancelling and discharging the mortgage for the premises is warranted pursuant to RPAPL 1501(4).

In opposition, Defendant argues that Plaintiff's successive motion for summary judgment is improper as well as premature given the fact that the 2018 action is still pending. Defendant argues that Plaintiff has failed to establish that the statute of limitations has expired by failing to submit admissible evidence. According to

5

Defendant, the 2009 Complaint, submitted by Plaintiff, does not mention the date of the mortgage being foreclosed and therefore there is a question of fact as to whether the subject mortgage was accelerated. In addition, Defendant argues that the retroactive application of FAPA is unconstitutional and further that the 2018 action is timely.

Here, Plaintiff has established her entitlement to judgment as a matter of law warranting summary judgment on her Complaint seeking to cancel and discharge of record the subject mortgage on the premises. Plaintiff has demonstrated that the 2009 action accelerated the mortgage and therefore the statute of limitations expired in 2015 pursuant to FAPA. (see *Deutsche Bank Nat'l Tr. Co. v Gordon*, 179 AD3d 770 [2d Dept 2020]; *see also Wilmington Sav. Fund Soc'y, FSB v Rosenbaum*, 197 AD3d 1132 [2d Dept 2021]). In opposition, Defendant has failed to raise a triable issue of fact. Contrary to Defendant's contentions, there is no merit to the arguments challenging FAPA's retroactive application and constitutionality (*see HSBC Bank USA v Lem*, 2025 NY Slip Op 01357 [2d Dept 2025]; *see also Deutsche Bank Natl. Trust Co. v Zak*, 2025 NY Slip Op 00947 [2d Dept 2025]). Defendant's remaining contentions are without merit. Accordingly, Plaintiff's motion is granted.

Accordingly, it is hereby

**ORDERED**, that Plaintiff's motion is hereby GRANTED; and it is further

**ORDERED**, that the subject mortgage shall be cancelled and discharged of record. Plaintiff shall submit a proposed order on notice; and it is further

6

[* 6]

**ORDERED**, that all requests for relief not addressed herein is DENIED.

The court has considered the parties' remaining arguments and finds them to be without merit,  This shall constitute the Decision and Order of the Court.

Dated:   June 3, 2025
         Mineola, N.Y.

_____
Hon. Gregg Roth, J.S.C.

**ENTERED**

**Jun 05 2025**

NASSAU COUNTY
COUNTY CLERK'S OFFICE

7

[* 7]