GMAC Mtge., LLC v Leidl (2025 NY Slip Op 05502)

GMAC Mtge., LLC v Leidl

2025 NY Slip Op 05502

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2021-06052
 (Index No. 19060/09)

[*1]GMAC Mortgage, LLC, etc., appellant,
v
Randolph F. Leidl, respondent, et al., defendants.

Hinshaw & Culbertson, LLP, New York, NY (Claire Standish of counsel), for appellant.
Scalzi & Nofi, PLLC, Huntington, NY (Vincent J. Nofi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), entered August 20, 2019. The order, after a nonjury trial, directed dismissal of the complaint with prejudice.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof directing dismissal of the complaint with prejudice, and substituting therefor a provision directing dismissal of the complaint without prejudice; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant Randolph F. Leidl (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Huntington Station. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In an order dated October 11, 2016, the Supreme Court, in effect, denied the plaintiff's motion, concluding that triable issues of fact existed regarding the plaintiff's compliance with RPAPL 1304, and directed a trial limited to that issue. After a nonjury trial, in an order entered August 20, 2019, the court directed dismissal of the complaint with prejudice. The plaintiff appeals.
RPAPL 1304(1) provides, in relevant part, that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." Pursuant to RPAPL 1304(2), the required notices "shall be sent by such lender, assignee (including purchasing investor) or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d 1109, 1110; see U.S. Bank N.A. v McQueen, [*2]221 AD3d 1049, 1050). "A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Adams, 202 AD3d 867, 868 [internal quotation marks omitted]; see NS194, LLC v Gregg, 231 AD3d 1162, 1162-1163).
Here, the Supreme Court properly determined that the plaintiff failed to establish strict compliance with RPAPL 1304 by admissible evidence (see CPLR 4518[a]; NS194, LLC v Gregg, 231 AD3d at 1163). The plaintiff did not submit proof of actual mailings and the plaintiff's witness did not testify as to the procedure for generating or mailing the notices (see NS194, LLC v Gregg, 231 AD3d at 1163; Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 696).
As the plaintiff correctly contends, the Supreme Court should have directed dismissal of the complaint without prejudice. "Compliance with RPAPL [1304] is a condition precedent to an action to foreclose a mortgage. Dismissal of a complaint for the failure to satisfy a condition precedent to suit is not a 'final judgment upon the merits' for the purposes of CPLR 205(a)" (Sabbatini v Galati, 43 AD3d 1136, 1139; see Carrick v Central Gen. Hosp., 51 NY2d 242, 251-252). Accordingly, the court should have directed dismissal of the complaint without prejudice, as the plaintiff was entitled to the benefit of CPLR 205(a) or the newly enacted CPLR 205-a (see Wells Fargo Bank, N.A. v Palaigos, 235AD3d 1027; Sabbatini v Galati, 43 AD3d at 1139).
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court